UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOHN MORAN and JESSICA MORAN,<br>      *Plaintiffs*,<br>      *v.*<br>PHILIP A. WRIGHT, Jr. and KENNETH SECOL,<br>      *Defendants*. | Civil No. 3:11cv155 (JBA)<br><br>May 12, 2015 |

**RULING ON PLAINTIFFS' OBJECTION [DOC. # 48]**

Plaintiffs object [Doc. # 48] to Magistrate Judge Margolis's Ruling [Doc. # 47] on their fifth motion [Doc. # 45] for appointment of counsel. Their objection is overruled for the following reasons. First, the objection is not timely. Under Fed. R. Civ. P. 72(a), "[a] party may serve and file objections to [a magistrate judge's] order within 14 days after being served with a copy [of the order]. A party may not assign as error a defect in the order not timely objected to." Here, although Plaintiffs' objection is dated January 21, 2015, it was not filed until April 16, 2015, long after the fourteen-day deadline had passed.[1]

Furthermore, even if Plaintiffs' objection had been timely filed, it lacks demonstrated merit.[2] As Magistrate Judge Margolis explained in her ruling, this case was dismissed on August 4, 2011 [Doc. # 12] for lack of federal jurisdiction, and at that time, Plaintiffs' first motion for appointment of counsel was denied. Plaintiffs appealed [Doc. # 42] on September 2, 2011, but the Second Circuit dismissed the appeal [Doc. # 42] for

---

[1] Magistrate Judge Margolis's Ruling was docketed on January 13, 2015.

[2] A district judge "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a).

lack of jurisdiction. Plaintiffs subsequently filed three motions for appointment of counsel for purposes of filing an appeal, all of which were denied. Plaintiffs appealed the denials [Doc. # 37], but they were affirmed by the Second Circuit [Doc. # 44]. In light of this procedural history, "and specifically, the dismissal by the Second Circuit of plaintiff[s'] appeal," Magistrate Judge Margolis denied Plaintiffs' fifth motion for appointment of counsel. (Ruling [Doc. # 47] at 3.)

Under 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." However, "whether appointment of counsel is necessary rests with the discretion of the court," *In re Martin-Trigona*, 737 F.2d 1254, 1260 (2d Cir. 1984), and if the court determines that a plaintiff cannot afford counsel, the court must then "determine whether the indigent's position seems likely to be of substance," *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986). Plaintiffs' case has already been dismissed and that dismissal was upheld on appeal. Plaintiffs' position thus does not appear likely to be of substance. The Court does not find anything "clearly erroneous" or "contrary to law" in Judge Margolis's Ruling.

Accordingly, Plaintiffs' Objection [Doc. # 48] to the Ruling on their Fifth Motion to Appoint Counsel is OVERRULED.

                                  IT IS SO ORDERED.

                                  /s/
                                Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 12th day of May, 2015.