ELECTRONIC ORDER ON PENDING MOTIONS IN <u>MORAN V. WRIGHT</u>, 11 CV 155 (JBA)

2/22/18 – On August 4, 2011, **more than six and one half years ago,** U.S. District Judge Janet Bond Arterton filed her Order of Dismissal (Dkt. #12), dismissing this lawsuit as this federal district court lacked jurisdiction over plaintiffs' claims, and directing the Clerk's Office to close the file. Judgment was entered that same day. (Dkt. #13). Plaintiff filed his first Notice of Appeal on September 2, 2011 (Dkt. #42), and then again on April 3, 2013 (Dkt. #37). On September 25, 2014, **almost three and one half years ago**, the Second Circuit dismissal plaintiff's appeal, because "it lack[ed] arguable basis in law or fact." (Dkt. #44; <u>see also</u> Dkts. ##40-41).

    Between September 2011 and September 2014, while his appeal was pending before the Second Circuit, plaintiff continued to file motions in this court, including numerous Motions to Appoint Counsel, all of which were denied without prejudice as moot, in that there was no longer any lawsuit pending here. (<u>See</u> Dkts. ##16-17, 26, 28-29, 34, 36; <u>see also</u> Dkts. ##23, 25, 27, 30, 35, 39).

    Subsequent to the dismissal of his appeal, plaintiff still has continued to file motions in this court, including another Motion to Appoint Counsel, all of which have been denied as moot. (<u>See</u> Dkts. ##45, 47, 50-55; <u>see also</u> Dkts. ##46, 48-49). As Judge Arterton reminded plaintiff in an Endorsement Order, filed October 17, 2017 (Dkt. #55), "This federal court lack[s] jurisdiction over Plaintiff's claims for relief. . . . His claims and appeals related to the status of his real property must be raised in the Connecticut state courts."

    On February 15, 2018, plaintiff, once again, filed a Motion to Appoint Counsel and a Motion to Amend (Dkts. ##56-57), both of which have been referred to this Magistrate Judge. (Dkt. #58).

    Both motions are **denied without prejudice as moot, in that there has been NO lawsuit pending in this district for several years now. PLAINTIFF IS TO STOP FILING MOTIONS IN THIS CLOSED LAWSUIT. As plaintiff has been reminded on countless occasions, including as recently as October 2017, "any claims and appeals related to the status of his real property must be raised in the Connecticut state courts[,]" not here in federal court.**